UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

ROSE PHYSICAL THERAPY
(Richard Hemphill),

      Plaintiff,                         Civil Action No.

vs.                                       Removed from 3rd Circuit Court
                                            Case No. 16-010622-NF

ALLSTATE INSURANCE COMPANY,

      Defendant.
_____/

## NOTICE OF REMOVAL

ALLSTATE INSURANCE COMPANY ("Allstate"), by its attorneys MOBLO, FLEMING & WATT, P.C., removes this action from the Third Circuit Court, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441(b). In support of its Notice of Removal, Allstate states as follows:

1. On or about August 22, 2016, Plaintiff filed its Complaint against Allstate in the Third Circuit Court, State of Michigan, Case No. 16-010622-NF. **Exhibit A.**

2. Plaintiff is seeking recoupment of bills for alleged physical therapy services provided to ACP claimant, Richard Hemphill, under the No-Fault Act. Plaintiff's Complaint is silent as to the precise amount of damages sought, simply indicating Plaintiff was seeking more than $25,000 in damages. **Exhibit A, p. 5.**

3. In addition to seeking the actual billed amount for the services, Plaintiff is also seeking statutory No-Fault interest and attorney's fees pursuant to MCL 500.3142 and MCL 500.3148. **Exhibit A, p. 5.**

4. Allstate was served, by certified mail, with the Complaint on August 29, 2016 **Exhibit B.**

5. Allstate filed its Answer, Affirmative Defenses, and Reliance Upon Jury Demand on September 14, 2016. **Exhibit C.**

6. As of the date of this Removal, Plaintiff has failed to provide any bills or records in support if its claims, nor have any depositions of Plaintiff's owner, biller and therapists occurred. In fact, to date, all Plaintiff has done is submit, on March 15, 2017, a single page "bill" indicating it is owed $66,860 for services rendered between 10/20/15 through 7/29/16. **Exhibit D.**

7. Currently pending hearing and resolution are two discovery motions filed by Allstate: a Motion to Compel Discovery, **Exhibit E,** and Motion to Dismiss for Plaintiff's Repeated Failure to Provide Discovery and Failure to Comply with Court Order, **Exhibit F.**

8. However, it is the receipt of the "bill" (**Exhibit D)** on March 15, 2017 which now serves as the basis for Allstate's Removal of this matter at this time.

9. Plaintiff is a corporation organized under the laws of the State of Michigan on July 7, 2015 with its principal place of business in Sterling Heights, Michigan. **Exhibit G.** As such, Plaintiff is a citizen of Michigan.

10. Allstate is a corporation duly organized under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois. As such, Allstate is a citizen of Illinois.

11. Based on Plaintiff's March 15, 2017 "bill," Plaintiff is seeking $66,860 in actual damages together with interest under MCL 500.3142 and attorneys fees under MCL 500.3148. **Exhibit G; Exhibit A.**

12. "As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, *unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees*." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (citing *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

13. Since Plaintiff is seeking statutory interest under MCL 500.3142 and attorney's fees under MCL 500.3148 in addition to the $66,860 in actual damages demanded, when calculating 12% interest on Plaintiff's unpaid bills and the potential attorney's fees which could be awarded, it can be reasonably inferred that the amount in controversy can be expected to exceed $75,000 in the event Plaintiff was to prevail in this action. Therefore, the amount in controversy threshold under 28 U.S.C. § 1332 has been satisfied.

14. Based on the foregoing, a controversy exists between Plaintiff and Allstate, and the amount of controversy in the afore-mentioned action exceeds this Court's $75,000 jurisdictional limit.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 due to the amount in controversy and diversity of citizenship of the parties, making this case removable.

16. Allstate's Notice of Removal is timely because it is filed within thirty (30) days "… after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).

17. The within Notice of Removal will be filed with the Clerk of the Third Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiff's counsel.

Respectfully submitted,

MOBLO, FLEMING & WATT, P.C.

*/s/ Prerana R. Bacon*

Prerana R. Bacon (P69680)
39555 Orchard Hill Place, Suite 310
Novi, MI 48375-5523
(734) 542-8400
pbacon@moblofleming.com
*Attorney for Defendant*

Dated: March 16, 2017

**CERTIFICATE OF SERVICE**

4

I, Prerana R. Bacon, hereby certify that on March 16, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system. I hereby certify that I have mailed a copy of the foregoing document and all exhibits thereto to the following via United States First-Class Mail:

>JAMES W. LOW (P63110)
>Attorney for Plaintiff
>4000 Town Center, Suite 480
>Southfield, MI 48075

I further certify that I have filed a copy of the foregoing with the Clerk of the Third Circuit Court, State of Michigan.

>MOBLO, FLEMING & WATT, P.C.
>
>*/s/ Prerana R. Bacon*
>
>_____
>Prerana R. Bacon (P69680)
>39555 Orchard Hill Place, Suite 310
>Novi, MI 48375-5523
>(734) 542-8400
>pbacon@moblofleming.com

Dated: March 16, 2017
W:\6592\PLEADINGS\NTC of Removal.wpd